UNITED STATES of America,
Plaintiff–Appellee,

v.

Gregory R. BOYD, Defendant–
Appellant.

No. 07–30281.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 28, 2008.*

Decided Sept. 3, 2008.

Sheila Kolar, Esquire, James E. Seykora, Esquire, Kurt G. Alme, Esquire, USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Mark S. Werner, Esquire, Federal Defenders of Montana, Billings, MT, for Defendant–Appellant.

Before: T.G. NELSON, HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM **

Gregory Boyd appeals from his conviction of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1); Possession of a Firearm in Relation to a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291. Because the district court did not make the necessary factual findings to address Boyd's claim under the Speedy Trial Act, 18 U.S.C. § 3161, we remand for further proceedings.

Under the Speedy Trial Act, an indictment charging an individual with commission of an offense must be filed within thirty days from the date on which such

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

individual was arrested in connection with such charges. 18 U.S.C. § 3161(b). Generally, only a *federal* arrest—where a defendant is detained pursuant to *federal* charges—is an "arrest" under the Speedy Trial Act, triggering the running of the thirty-day time period of § 3161(b). *See United States v. Benitez*, 34 F.3d 1489, 1493 (9th Cir.1994) ("[A]ppellants' arrest was not federal because appellants were held pursuant to a complaint charging appellant with violations of *state* laws."). This rule is not, however, absolute. *See id.* at 1494. "The Speedy Trial Act would lose all force if federal criminal authorities could arrange with state authorities to have the state authorities detain a defendant until federal authorities are ready to file criminal charges." *Id.* "For this reason, Speedy Trial Act time periods may be triggered by state detentions that are merely a ruse to detain the defendant solely for the purpose of bypassing the requirements of the Act." *Id.*

Here, the circumstances strongly indicate that there may have been collusion between the state and federal authorities, and that the state arrest may have been merely a ruse to detain Boyd solely for the purpose of bypassing the requirements of the Speedy Trial Act.

First, the same individual was the prosecutor on both the state charges and the federal charges. Second, there is evidence that, from the time Boyd was arrested on state charges in August 2005, the state and federal authorities anticipated that he would be charged federally and that the state charges would be dismissed. Boyd testified that his state public defender indicated to him, as early as October 2005, that the prosecuting attorney told her that the state was not going forward with its prosecution because the federal authorities

were planning to pursue their own prosecution under federal law. Yet Boyd was not charged through indictment on the federal charges, for the same conduct that underlies the state charges, until February 2006.

The district court denied Boyd's motion to dismiss for violation of the Speedy Trial Act without making any findings regarding whether there was collusion between the state and federal authorities, or whether the state charges were merely a ruse to detain Boyd for the purpose of bypassing the requirements of the Speedy Trial Act. We therefore retain jurisdiction over this matter and grant a limited remand to the district court for the purpose of holding the necessary hearings and entering appropriate factual findings.

**REMANDED.**